UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEQUARIUS D. FITZPATRICK,

        Plaintiff,

     v.                              Case No. 19-C-1024

SERGEANT NYS,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Dequarius D. Fitzpatrick, who is currently representing himself and serving a state prison sentence at Green Bay Correctional Institution (GBCI), filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Sergeant Nys was deliberately indifferent to Fitzpatrick's threats of self-harm. Presently before the court is Sergeant Nys' motion for summary judgment and Fitzpatrick's cross-motion for summary judgment. For the following reasons, Sergeant Nys' motion will be granted, Fitzpatrick's motion will be denied, and the case will be dismissed.

**PRELIMINARY MATTERS**

Before turning to the substance of the parties' motions for summary judgment, the court must address Fitzpatrick's motion for reconsideration and motion to stay proceedings. Fitzpatrick filed a motion for reconsideration of the court's order denying his motion to compel and sanctions and his motion for default judgment. In his motion to compel, Fitzpatrick sought the production of certain video footage and photographs of his injuries. In response to the motion, Sergeant Nys asserted that all materials requested by Fitzpatrick were provided, except those that do not exist. As the court explained in its order, Sergeant Nys cannot produce what he does not possess,

including video footage and photographs of Fitzpatrick's injuries. Fitzpatrick's motion for reconsideration does not offer any reason to question the court's previous ruling. Therefore, his motion will be denied with respect to his request that the court reconsider its ruling on his motion to compel.

Fitzpatrick further requests that the court reconsider its decision denying his motion for default judgment. Fitzpatrick moved for default judgment on the ground that Sergeant Nys committed perjury when responding to Fitzpatrick's interrogatories. Again, on the current record, there is no basis on which the court can determine that Sergeant Nys lied under oath. It would be an abuse of discretion to enter a default judgment as a sanction. Fitzpatrick has not provided a meritorious reason for reconsideration. Accordingly, Fitzpatrick's motion for reconsideration is denied.

Fitzpatrick also filed a motion to stay proceedings in this case pending a decision on his motion for reconsideration. The motion to stay is now denied as moot. The court will now turn to the parties' motions for summary judgment.

## BACKGROUND

At all times relevant to this matter, Fitzpatrick was incarcerated at GBCI. On April 4, 2017, Sergeant Nys and Correctional Officers Goessl and Wenzlaff were assigned to work the South Cell Hall at GBCI. At approximately 1:00 a.m. on April 4, 2017, Sergeant Nys was attempting to prevent another inmate from hanging himself amidst a tier flooding incident. Def.'s Proposed Findings of Fact (DPFOF) ¶ 2, Dkt. No. 22. Shortly thereafter, Goessl contacted Sergeant Nys to inform him that she needed his assistance immediately at Fitzpatrick's cell. *Id*. Sergeant Nys immediately responded and was told that Fitzpatrick had begun to cut himself. *Id.* ¶ 3. The parties dispute whether, at this point, Sergeant Nys first became aware of Fitzpatrick's

intent to attempt self-harm.  According to Fitzpatrick, he informed Sergeant Nys of his intent to self-harm before Sergeant Nys learned that Fitzpatrick had cut himself.  Pl.'s Resp. to DPFOF ¶ 4, Dkt. No. 49.  Sergeant Nys asserts that Fitzpatrick did not cause him to become aware of any risk of self-harm until after Fitzpatrick had begun to cut himself.  DPFOF ¶ 4.

It is undisputed that, after learning Fitzpatrick had begun to cut himself, Sergeant Nys ordered Fitzpatrick to stop cutting himself and to come to the cell front to be restrained.  DPFOF ¶ 5.  Fitzpatrick did not comply, so Sergeant Nys used a one-second burst of incapacitating agents to stop Fitzpatrick from further self-harm.  *Id*.  Because the burst was not successful in obtaining compliance, Sergeant Nys proceeded to remove Fitzpatrick's cellmate from the cell; a forced cell extraction was performed, and Fitzpatrick was secured and removed to a new cell where he was put on constant observation.  *Id.* ¶¶ 6–7.  Fitzpatrick refused medical treatment.  *Id.* ¶ 7.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The fact that the parties filed cross-motions for summary judgment does not alter this standard.  In evaluating each party's motion, the court must "construe all inferences in favor of the party against whom the motion under consideration is made."  *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).  The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial."  *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted).  "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id.*  Summary judgment is properly entered against a party "who fails to make a

3

showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

Fitzpatrick alleges Sergeant Nys violated the Eighth Amendment by failing to stop Fitzpatrick from harming himself. Fitzpatrick's claim is predicated on the principle adopted by the Supreme Court in *Estelle v. Gamble* that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). This principle makes sense because "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.* at 103. The same rationale underlies the duty of correctional officers to take steps to protect vulnerable inmates from inmates who are violent and abusive. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (holding that prison officials can be liable for deliberate indifference to risk of harm inflicted by other inmates). Prison inmates, unlike those on the outside, cannot choose those with whom they live or have daily contact, nor can they arm themselves or seek other protection.

Application of the same principle to cases where the threat to the inmate's health or safety is not a medical condition or another inmate but the inmate himself, would seem more questionable. As this court has previously noted, absent a severe mental illness robbing an inmate of his rational faculties,

> the viability of a deliberate indifference claim could be considered doubtful. How can one claim that jail guards, acting under color of state law, subjected Taylor to cruel and unusual punishment, or deprived him of life without due process of law, when he intentionally took his own life? One could reasonably argue, it seems, that denying liability for inmate suicide in the absence of evidence of mental illness or other incapacity is more consistent with the rationale underlying the deliberate

4

indifference doctrine, and the language and history of the Eighth Amendment. To hold otherwise would also seem to be permitting a prisoner "to engineer an Eighth Amendment violation," something the Seventh Circuit has explicitly cautioned against. *Rodriguez v. Briley*, 403 F.3d 952, 953 (7th Cir. 2005).

*Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 889 (E.D. Wis. 2006).

The Seventh Circuit has held, however, that jail and prison inmates are "deemed incompetent" and thus apparently not responsible for their self-harming behavior. *Miranda v. County of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). The court has held that jails and prisons "have a duty 'to prevent the prisoner from giving way' to the 'unusual psychological strain' caused by incarceration." *Id.* (quoting *Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006)). As a result, the court "repeatedly [has] recognized a jail or prison official's failure to protect an inmate from self-harm as one way of establishing deliberate indifference to a serious medical need." *Id.*

In any event, this is the principle underlying Fitzpatrick's claim against Sergeant Nys in this and at least two previous cases he has brought. *See Fitzpatrick v. Ramirez*, No. 17-cv-0101 (E.D. Wis.); *Fitzpatrick v. Wickman*, No. 17-cv-0102 (E.D. Wis.). In this case, Fitzpatrick's primary argument is that Sergeant Nys ignored his threat of self-harm which resulted in Fitzpatrick giving himself a superficial cut to his arm. His claim is that, while Sergeant Nys was dealing with a flood on a different tier and another inmate attempting to hang himself with a sheet at 1:00 a.m. on April 4, 2017, Sergeant Nys failed to promptly respond to his threat to cut himself with a razor he had apparently smuggled into his cell. Sergeant Nys contends that, by the time he arrived at his cell, Fitzpatrick had already cut himself.

Given the undisputed facts of the case, Sergeant Nys is entitled to summary judgment, first, because Fitzpatrick failed to show that he experienced any cognizable harm, an essential element of his deliberate indifference claim. In particular, Fitzpatrick has not established that he faced any serious harm or medical need. A claim of deliberate indifference begins with an objectively serious

5

medical condition. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). In this case, Fitzpatrick did not engage in self-harm that caused a serious injury or presented a serious risk of suicide. Instead, he used a small razor to make cuts to his arm for which he ultimately refused treatment. Indeed, the superficial cuts or scratches on Fitzpatrick's arm do not constitute an objectively serious medical condition. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (noting that "trivial—indeed, almost nonexistent" "injuries consist[ing] only of minor scratches, quickly and easily treated with a gauze bandage" do not constitute a serious medical need); *Davis v. Jones*, 936 F.2d 971, 972–73 (7th Cir. 1991) (noting that a one-inch cut to plaintiff's temple was not sufficiently serious under the Eighth Amendment); *Williams v. Stauche*, 709 F. App'x 830, 834 (7th Cir. 2017) (finding that jail staff did not deprive a pretrial detainee of medical treatment for his single superficial cut after an alleged assault). As the Seventh Circuit recently recognized, "the risk to [an inmate's] life—a serious medical need—the defendant officers ignored by not immediately responding to his suicide threat . . . is not compensable without evidence of injury." *Lord*, 952 F.3d at 905. Absent a showing that Fitzpatrick experienced any cognizable harm, Fitzpatrick's claim fails as a matter of law and Sergeant Nys' motion could be granted on this basis alone.

Even if Fitzpatrick had established an objectively serious medical need, he has failed to demonstrate that Sergeant Nys was deliberately indifferent. Deliberate indifference requires more than negligence or even gross negligence. It requires that Sergeant Nys knew of, yet disregarded, an excessive risk to Fitzpatrick's health or safety. *Farmer*, 511 U.S. at 835; *see also Estelle*, 429 U.S. at 104–05. It is not enough to show that prison officials merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). A defendant need not "take perfect action or even reasonable action . . . his action must be reckless before § 1983 liability can be found."

6

*Cavelieri v. Shepard*, 321 F.3d 616, 622 (7th Cir. 2003). "A state officer is deliberately indifferent when he does nothing . . . or when he takes action that is so ineffectual under the circumstances that deliberate indifference can be inferred." *Figgs v. Dawson*, 829 F.3d 895, 903 (7th Cir. 2016) (internal citations omitted).

In this case, Sergeant Nys was not deliberately indifferent to Fitzpatrick's threats of self-harm. Construing the inferences in favor of Fitzpatrick in consideration of the motion against him, the evidence presented fails to show that Sergeant Nys knew of and disregarded an excessive risk to Fitzpatrick's health or safety. Although Fitzpatrick asserts that he told Sergeant Nys that he felt suicidal and that Sergeant Nys told him to calm down and walked away, Fitzpatrick has not established that Sergeant Nys recklessly disregarded a significant risk of imminent harm or danger or was aware of facts from which he could infer that a substantial risk of serious harm existed. This is especially true in light of the other events Sergeant Nys was dealing with—flooding on another tier and another inmate attempting to hang himself. In any event, once Sergeant Nys was called to Fitzpatrick's cell and informed that Fitzpatrick had begun to cut himself, Sergeant Nys immediately responded by ordering Fitzpatrick to stop cutting himself and to come to the cell front to be restrained. When Fitzpatrick did not comply, Sergeant Nys used a one-second burst of incapacitating agents to stop Fitzpatrick from further harming himself. Fitzpatrick did not comply in response to the incapacitating agents, so Sergeant Nys removed his cellmate and a forced cell extraction was performed on Fitzpatrick. Fitzpatrick was put on constant observation and refused medical treatment. In short, Sergeant Nys acted reasonably in response to Fitzpatrick's threats of self-harm and his subsequent actions. Accordingly, Sergeant Nys' motion for summary judgment will be granted.

7

## CONCLUSION

For the foregoing reasons, Sergeant Nys' motion for summary judgment (Dkt. No. 20) is **GRANTED**. Fitzpatrick's motion for summary judgment (Dkt. No. 44) and motion for reconsideration (Dkt. No. 52) are **DENIED**, and his motion to stay proceedings (Dkt. No. 55) is **DENIED as moot**. Fitzpatrick's motion for leave to file a sur-reply (Dkt. No. 54) is **GRANTED**, and the Clerk should detach and e-file the sur-reply (Dkt. No. 54-1). This case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of September, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
